# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

ALISSA'S FLOWERS, INC., )
          Plaintiff, )
          ) Case No. 2:20-cv-04093-BCW
vs. )
          )
STATE FARM FIRE AND CASUALTY CO., )
          )
          Defendant. )

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT (ECF 20)**

State Farm Fire and Casualty Company ("State Farm"), for its Motion to Dismiss the First Amended Class Action Compliant (ECF 20, hereinafter "Complaint") filed by Alissa's Flowers, Inc. ("Plaintiff"), pursuant to Federal Civil Procedure Rules 12(b)(1) and 12(b)(6), states as follows:

1. On July 17, 2020, Plaintiff filed the Complaint, naming State Farm as the sole defendant. ECF 20. Plaintiff is a business owned and operated in Independence, Missouri.

2. Plaintiff alleges that on March 5, 2020, it purchased a Businessowners Coverage insurance policy ("Policy") from State Farm. See ECF 20-1.

3. Pursuant to the parties' contract, State Farm agreed to provide the insurance described in the Policy for one year, and Plaintiff agreed to pay the premium calculated and offered by State Farm.

4. At all times since the Policy's inception, State Farm has honored its obligations and provided the promised insurance, and Plaintiff enjoys its bargained-for benefit from the parties' agreement – it received, and continues to receive, meaningful commercial coverage from State Farm.

5. However, Plaintiff alleges that – due to a change in its business activity that occurred after the start of the Policy – it experienced a "radical reduction" in its exposure to potential claims, and as a result believes it has overpaid its premium.

6. In its Complaint, Plaintiff asserts Missouri state common law claims of breach of contract, breach of the duty of good faith and fair dealing, unjust enrichment, and money had and received, through which it seeks to recover damages stemming from an overpayment of premium it conclusorily alleges to have paid due to a drop in its exposure. Plaintiff also seeks a declaration that State Farm's conduct is in breach of the parties' contract, and an injunction requiring State Farm to comply with the contractual terms regarding the calculation of premium. Plaintiff's claims are without merit and should be dismissed.

7. As an initial matter, Plaintiff's grievance belongs before the Missouri Director of Insurance, the party to whom the Missouri Legislature has granted exclusive authority over an insured's allegations that it is aggrieved by any rate, rating plan, rating system, or underwriting rule applied by an insurance company operating in the State of Missouri.

8. Moreover, Plaintiff does not articulate a cognizable theory for an unlawfully excessive rate consistent with Missouri law, because Plaintiff does not allege that "a reasonable degree of competition does not exist in" Independence, Missouri with respect to the type of commercial insurance it purchased.

9. Plaintiff's breach-of-contract claim should be dismissed because Plaintiff admits that State Farm calculated its premium at the time the Policy was issued consistent with the terms of the Policy, and it fails to allege any bona fide obligation on the part of State Farm to adjust its premium (or to do so in favor of Plaintiff) in the middle of the Policy period after an alleged change in business activity.

10. Plaintiff's claim that State Farm breached its duty of good faith and fair dealing should be dismissed because such a covenant will not be inserted into a contract where (as here) the parties expressly addressed the matter at issue in their agreement.

11. Plaintiff's claims for unjust enrichment and money had and received should be dismissed because the matter in dispute is the express subject of the contract existing between State Farm and Plaintiff, and Plaintiff has not adequately alleged State Farm's actions were, in any way, inequitable.

12. And, Plaintiff's claims for declaratory and injunctive relief should be dismissed, as Plaintiff has an adequate remedy at law, and, in any event, it fails to allege any wrongful conduct on the part of State Farm.

WHEREFORE, for the foregoing reasons and those set forth more thoroughly in its Memorandum in Support filed contemporaneously herewith, State Farm respectfully requests that the Court grant its Motion to Dismiss, and for all other relief the Court deems just and proper.

Dated: July 31, 2020          **DOWD BENNETT LLP**

By: /s/ Michael J. Kuhn
    James F. Bennett, #46826
    jbennett@dowdbennett.com
    James G. Martin, #33586
    jmartin@dowdbennett.com
    Robert F. Epperson, Jr., #46430
    repperson@dowdbennett.com
    Michael J. Kuhn, #58936
    mkuhn@dowdbennett.com
    7733 Forsyth Blvd., Suite 1900
    St. Louis, MO 63105
    Telephone: (314) 889-7300
    Facsimile: (314) 863-2111

*Attorneys for State Farm Fire and Casualty Company*

**CERTIFCATE OF SERVICE**

      I hereby certify that on July 31, 2020, a copy of the foregoing was served via this Court's electronic filing system, which will send Notices of Electronic Filing to all parties of record.

                        /s/ Michael J. Kuhn