IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ALISSA'S FLOWERS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:20-CV-04093-BCW |
| ) | |
| STATE FARM FIRE AND CASUALTY CO., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant State Farm Fire and Casualty Co.'s motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. # 25). State Farm argues the Court lacks jurisdiction over Plaintiff Alissa's Flowers' claims because it failed to exhaust administrative remedies before filing its complaint. State Farm also argues Alissa's Flowers fails to state a claim for which relief may be granted because Alissa's Flowers does not articulate a cognizable theory for an excessive rate that violates Missouri law. The Court, being fully advised of the premises, grants said motion.

## BACKGROUND

On July 17, 2020, Plaintiff Alissa's Flowers, Inc. filed its amended complaint against Defendant State Farm Fire and Casualty Co. alleging State Farm overcharged it for insurance premiums due to changes in its business activity during the COVID-19 pandemic. Alissa's Flowers argues State Farm had an obligation to adjust Alissa's Flowers' premiums in response to reduced business operations according to the terms of the parties' insurance policy agreement. In response to State Farm's alleged failure to meet their obligation, Alissa's Flowers asserts claims for breach of contract, breach of good faith and fair dealing, unjust enrichment, money had and received, and declaratory and injunctive relief.

1

On March 5, 2020, Alissa's Flowers purchased a Businessowners Policy ("Policy") from State Farm. (Doc. #20 at ¶ 36). Under the Policy, Alissa's Flowers agreed to pay the premiums calculated and offered by State Farm based on the rates in effect at the time the policy was issued. (Doc. #20 at ¶ 43). State Farm issued said commercial casualty policy and agreed to provide the insurance described in the Policy for the policy period of March 5, 2020 to March 5, 2021.

On March 13, 2020, during the policy period, the President of the United States declared a national emergency concerning the novel coronavirus disease outbreak.[1] The Missouri governor also declared a state of emergency on the same day.[2] On April 3, the Missouri governor issued a stay-at-home order mandating social-distancing requirements through April 24; the order was extended through May 3.[3] On April 16, Jackson County Health Department issued a stay-at-home order mandating the closure of all non-essential businesses. Alissa's Flowers alleges that as a result of the stay-at-home orders, its retail store was closed to the public from March 16, 2020 to May 11, 2020, resulting in a loss of $100,000 and less exposure than was contemplated by the Policy. (Doc. #20 at ¶ 31-34).

Alissa's Flowers alleges the Policy obligates State Farm to reduce Alissa's Flowers' premiums in response to its reduced business activity based on three policy terms: (1) State Farm reserved its right to raise premiums, indicating the Policy is subject to change, (2) the Policy requires State Farm to perform a premium audit during the policy period and return unearned premiums, and (3) the Policy requires State Farm to return any premium credit owed to policy holders.

---

[1] https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/ (Mar. 13, 2020).
[2] https://governor.mo.gov/press-releases/archive/governor-parson-signs-executive-order-20-02-declaring-state-emergency (Mar. 13, 2020).
[3] https://governor.mo.gov/press-releases/archive/governor-parson-extends-statewide-stay-home-missouri-order-through-may-3 (Apr. 3, 2020).

In the instant motion, State Farm argues Alissa's Flowers' allegations challenge State Farm's insurance rates and rating system, and Alissa's Flowers must therefore bring its claims before the Missouri Department of Insurance ("DOI") in order to exhaust administrative remedies before filing its complaint in this Court.

**LEGAL STANDARD**

As a threshold matter, the Court will first consider State Farm's motion to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1) provides for dismissal for lack of subject matter jurisdiction. Under Fed. R. Civ. P 12(h)(3) "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). Subject matter jurisdiction is a threshold requirement that must be assured in every federal case. VS Ltd. P'ship v. Dep't of Hous. & Urban Dev., 235 F.3d 1109, 1112 (8th Cir. 2000). Before the court may discuss the merits of the complaint, it must be satisfied that it has jurisdiction over the subject matter of the case. Bell v. Hood, 327 U.S. 678, 683 (1946). Pursuant to Fed. R. Civ. P. 12(b)(1), failure to exhaust administrative remedies is treated as a lack of subject matter jurisdiction. M.P v. Indep. Sch. Dist. No. 721, 439 F.3d 865, 868 (8th Cir. 2006).

**DISCUSSION**

In its motion to dismiss, State Farm argues the Court lacks subject matter jurisdiction because Alissa's Flowers claims challenge State Farm's rates, and therefore, Alissa's Flowers must exhaust its administrative remedies available under Mo. Rev. Stat. § 379.348. Alissa's Flowers argues its claims challenge State Farm's premiums, not rates, and therefore is not required to exhaust administrative remedies under Mo. Rev. Stat. § 379.348 because the DOI does not have authority to regulate commercial casualty premiums.

3

Alissa's Flowers also argues that even if it is challenging State Farm's rates, it is not required to exhaust administrative remedies because the language that a claimant "may" file a complaint with the DOI indicates administrative procedures are permissive.

   **1. Alissa's Flowers claim challenges State Farm's rates.**

The Court first considers whether Alissa's Flowers' claims challenge State Farm's rates and are therefore subject to the administrative procedures in Mo. Rev. Stat. § 379.348. Alissa's Flowers' complaint describes the direct impact State Farm's rules and rates have on the premiums paid by Alissa's Flowers. (Doc. #20 at ¶ 43). In the complaint, Alissa's Flowers alleges it would have paid less in premiums if State Farm had conducted an audit and adjusted its premiums accordingly, which presumes State Farm would have applied a lower rate which factored in COVID-19 in computing a lowered premium. (Doc. #20 at ¶ 76). Thus, by Alissa's Flowers own assertions, its premiums are inextricably linked to State Farm's rules and rates.

The Policy also illustrates a close relationship between State Farm's rules and rates and the premiums paid by Alissa's Flowers. The Policy provides State Farm's premiums are "computed based on rates in effect at the time the policy was issued." (Doc. #20, pg 11). In other words, "amount of coverage x rate = premium." (Doc. # 38, pg 3). Thus, State Farm's rates directly impact the premium.

The parties have not identified, and the Court has not located, any binding authority directing resolution of the issues presented.

 In Asseff v. Citizens Property Insurance, plaintiffs alleged breach of contract against an insurer based on overpaid premiums, the court found a premium challenge constituted a challenge to the insurers rules and rates because they concluded that the plaintiffs, by claiming it had overpaid premiums, were really claiming they had been harmed by the insurer's rates. Asseff v.

4

Citizens Prop. Ins., 159 So. 3d 327 (Fla. Dist. Ct. App. 2015) (applying Fla. Stat. § 627.371, which contains similar language to Mo. Rev. Stat. § 379. 348).

Alissa's Flowers' similarly alleges breach of contract against State Farm based on overpaid premiums under the Policy. The Court therefore concludes Alissa's Flowers' claims, in essence, constitute a challenge to State Farm's rates, rating plan, rating system and underwriting rules at the time the Policy was issued.

## 2. The Court lacks jurisdiction over Alissa's Flowers claims because Alissa's Flowers has not exhausted its administrative remedies.

The Court next considers whether administrative remedies are mandatory under Mo. Rev. Stat. § 379.321, which provides the DOI with authority to review every manual of classifications, rules, underwriting rules and rates, and ratings plans of insurers doing business in Missouri. Similarly, Mo. Rev. Stat. § 379.348 grants jurisdiction to the DOI to make to determinations on insurers rate, rating plan, rating system and underwriting rules. If a claimant wishes to challenge a rate, rating plain, rating system or underwriting rule, the claimant may request the insurer to review the matter. Mo. Rev. Stat. § 379.348. Then, if the insurer does not grant the request within thirty days or the request is rejected, the claimant may file a written complaint and request a hearing before the director. Mo. Rev. Stat. § 379.348.

Missouri law requires parties to exhaust their administrative remedies before a court may act. Travelers Prop. Cas. Co. of Am. v. Jet Midwest Technik, Inc., 898 F.3d 776, 778 (8th Cir. 2018). Moreover, "Missouri provides an exclusive administrative remedy for rate complaints." McClain v. Shelter Gen. Ins. Co., No. 97-1139, 2007 WL 844769, 7 (W.D. Mo. Mar. 16, 2007) (dismissing the case for lack of jurisdiction because the plaintiff failed to exhaust administrative remedies before the DOI). To determine if administrative remedies are available and must therefore be exhausted by the parties, courts must look to the plain language of the statute to

determine whether an agency has subject matter jurisdiction. Tetzner v. Dep't of Soc. Servs., v. Family Support Div., 446 S.W.3d 689, 692 (Mo. Ct. App. 2014). Although the statutory language indicates an insured may choose whether to avail itself of the complaint procedures set forth, the Court finds that an insured must avail itself of the administrative process if it wishes to pursue judicial review.

Alissa's Flowers also argues § 379.348 does not apply to the Policy in this case because Missouri's statutory scheme specifies relaxed filing requirements for commercial casualty policies. The Court finds this argument unpersuasive because § 379.321(6)(10) explicitly states that these requirements do not limit the director's authority to review "excessive, inadequate or unfairly discriminatory rates or affect the application of any laws governing unfair trade practices, unfair claims practices, or the content of policy forms." Mo. Rev. Stat. § 379.321(6)(10).

Accordingly, the Court concludes Alissa's Flowers is required to exhaust administrative remedies before the DOI pursuant to Mo. Rev. Stat. § 379.384.

Because Alissa's Flowers has failed to exhaust its administrative remedies before the DOI, the Court grants State Farm's motion to dismiss for lack of subject matter jurisdiction. Because the Court lacks jurisdiction, it refrains from considering State Farm's 12(b)(6) arguments on the merits of Alissa's Flowers claims. Accordingly, it is hereby,

ORDERED Defendant State Farm's motion to dismiss (Doc # 25) is GRANTED.

IT IS SO ORDERED.


DATED: October 22, 2020  /s/ Brian C. Wimes  
JUDGE BRIAN C. WIMES  
UNITED STATES DISTRICT COURT